UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH L. THORNE, not individually but as COURT APPOINTED TEMPORARY RECEIVER FOR RALEIGH CAPITAL MANAGEMENT, INC., RICHMOND H. HAMILTON, JR. AND RALEIGH FUND, LP,<br><br>Plaintiff,<br><br>v.<br><br>BANQUE FRANCK, GALLAND & CIE, SA HARVIE FRANKLIN HAMILTON, OTTO HAMILTON, LEOLA HOWARD-POWELL, SUSAN NORRIS, and RICHMOND H. HAMILTON, SR.,<br><br>Defendants. | Case No. |

## COMPLAINT

Deborah L. Thorne, not individually, but as court-appointed Receiver ("Receiver") of Raleigh Capital Management, Inc., Richmond H. Hamilton, Jr. and Raleigh Fund, LP, Case Number 1:00-cv-6780 ("Receivership Case") pending in this Court, as and for her Complaint against the Defendants, Banque Franck Galland & Cie ("Banque Franck"), Harvie Hamilton ("Harvie"), Otto Hamilton ("Otto"), Leola Howard-Powell ("Howard"), Susan Norris ("Norris") and Richmond H. Hamilton, Sr. ("Hamilton Sr.") (collectively, the "Defendants"), states as follows:

### NATURE OF COMPLAINT

1. Each Defendant was an Investor in the Raleigh Fund, LP (the "Fund"). The Receiver brings this action to recover from each Defendant their share of $1,011,872 in redemptions from the Fund paid out to Defendants in 2007 through and 2009 (collectively "Redeemed Funds"). Defendants gave the Fund nothing in exchange for the Redeemed Funds.

...

The Redeemed Funds provided each Defendant full or nearly full repayment of their respective initial investment while the remaining limited partners in the Fund did not receive full payment of initial investment in the Fund prior to the commencement of the Receiver Case. Nor did the Fund contain funds as of commencement of the Receiver Case sufficient to pay the remaining limited partners the full amount of their initial investment. The Receiver is entitled to judgment against each Defendant in the amount of the portion of the Redeemed Funds each Defendant received and to recover such portion (i) as a fraudulent transfer, and (ii) based on unjust enrichment.

## JURISDICTION AND STANDING

2. On October 29, 2009, the Commodity Futures Trading Commission commenced the Receivership Case against Defendants, Raleigh Capital Management, Inc., Richmond H. Hamilton, Jr. and Relief Defendant, Raleigh Fund L.P. for commodities violations.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 754, 1367(a) and the inherent equitable powers of the Court. Pursuant to Fed. R. Civ. P. 66, the Federal Rules of Civil Procedure apply to this matter.

4. The Receiver has standing to recover assets of the receivership estate and to pursue claims to satisfy claims of creditors which includes the other limited partners who did not recover their initial investment.

5. On October 29, 2009, at the request of the Commodity Futures Trading Commission (the "CFTC"), this Court entered an Order Granting Plaintiff's Motion for Ex Parte Statutory Restraining Order, Appointment of Receiver and to Show Cause Regarding Preliminary Injunction [Docket # 11] in which the Receiver, *inter alia,* was appointed as temporary receiver for defendant, Raleigh Capital Management, Inc. On November 20, 2009,

the Receiver's appointment was made receiver for the Hamilton Jr., Raleigh Capital Management and the Fund as well as any affiliates or subsidiaries [Docket # 45] ("Receiver Order"). The Receiver Order authorized the Receiver *inter alia* (i) to take control of Raleigh Capital's operations, funds, assets and property, (ii) to take control of all funds, assets, business controlled by Raleigh Capital, and (iii) to pursue claims on behalf of Raleigh Capital, and to serve as manager of Raleigh Capital and all entities previously managed or controlled by Raleigh Capital.

6. Pursuant to the Receiver Order, the Receiver is authorized to maintain and to realize value from the assets of Raleigh Fund and all other entities managed by Raleigh Capital which includes the Raleigh Fund.

7. Each Defendant has actively participated in the Receivership Case by filing claims with the Receiver and, in some cases, participating with respect to the Receiver's Motions to make distributions.

## PARTIES

8. Receiver is the Court-appointed receiver of Raleigh Capital and Raleigh Fund.

9. Banque Franck has many connections with Richard Hamilton Jr. which included making substantial personal loans to Hamilton Jr., as well as to certain of the Defendants. Banque Franck is a Swiss bank located at 1 Rue Rodolphe Toepffler, P.O. Box 3254 1211, Geneva 3 Switzerland. Banque Franck served the Receiver with three separate proofs of claim in this case asserting claims against the Receiver's estate.

10. Harvie is the brother of the defendant Richmond H. Hamilton, Jr. Harvie Hamilton is a Virginia citizen who resides at times in Indonesia. Harvie has filed several claims and filed other pleadings in CFTC case. On the proofs of claim filed against the Receiver's

estate, Harvie lists his address as 2726 Fairgrounds Road, PMB 104 Goochland, Virginia 23063 and 46 Blair Road, Singapore 089946, Singapore, Indonesia. Harvie held interests in the Fund under several different names, including Aperion, Harvie Franklin Hamilton Trust and in the names of Frank Hamilton and Harvie Hamilton.

11. On information and belief, Otto is the uncle of Richmond H. Hamilton, Jr. Otto is a citizen of Virginia who resides at 1900 Lauderdale Dr., E217, Richmond, Virginia 23238. Otto filed a claim against the Receiver's estate.

12. Leola Howard is a citizen of Illinois. Her proof of claim filed in the Receiver's Estate lists an address in care of Millenium Trust Company LLC for the Leola Howard Trust # 909274011, 830 Jorie Blvd, Suite 420, Oakbrook, Illinois 60523. At various times, Howard received redemptions in her name personally and in the name of her trust.

13. Susan Norris was the aunt of Hamilton Jr. Ms Norris is deceased and this claim is brought against her estate for which upon information and belief, Robert Norris is administrator. The administrator's address is 2014 Floyd Avenue, Richmond, Virginia 23220.

14. Hamilton Sr. is the father of Richmond Hamilton, Jr. Hamilton Sr. is a citizen of Virginia who resides at 2300 Cedarfield Parkway, Richmond, Virginia 23233.

## FACTS COMMON TO ALL COUNTS

15. Sometime prior to 1987, Richmond Hamilton, Jr. ("Hamilton Jr.") formed the Fund, which invested in, among other things, commodity futures contracts and options on commodity futures contracts. In addition, the Fund subsequently held an investment in a shopping center located in Winston-Salem, North Carolina. As October 2009, the Fund had approximately 28 participants.

16. Between 1987 and 2009, through Raleigh Capital Management, Hamilton Jr. solicited and obtained funds ("Investment Funds") from individuals ("Investors") which funds were to be invested under the terms of the First Amended and Restated Agreement of Limited Partnership of The Raleigh Fund L.P. (the "Partnership Agreement"). In exchange for the Investment Funds, the Investors received limited partnership interests in the Fund. The Defendants were Investors who each received limited partnership interests in the Fund.

17. Once Investors provided Investment Funds to the Fund, they received periodic statements of their Investment. Investors could request redemption from their respective capital accounts under the terms of the Partnership Agreement.

18. During the period from May 2004 through October 2009, Hamilton Jr. diverted and converted approximately $1 million in Investment Funds from the Raleigh Fund. Hamilton Jr. used the diverted funds for personal expenses, including but not limited to the purchase of two aircraft and a BMW automobile and his personal living expenses in the United States and in Morocco.

19. Specifically, Hamilton Jr. diverted $275,000 in Investment Funds from the Raleigh Fund for his personal expenses, recording it as a "personal loan" from the Fund which was not an authorized investment purpose. Hamilton Jr. diverted $300,000 in Investment Funds from the Fund to RCM and then had RCM pay his personal expenses. In June 2009, Hamilton Jr. seized $430,000 in Investment Funds from the Raleigh Fund for which he provided nothing in return. Although he recorded that these funds were the Fund's purchase price for three parcels of real estate that Hamilton Jr. owned directly or indirectly, no such sale ever took place. Instead, Hamilton Jr. deposited a portion of the $430,000 into his private bank account and used the balance to pay off the loan on two aircraft he owned through other entities.

20. As a result, in part, of Hamilton Jr's conversion of the Investment Funds in the Raleigh Fund, the Fund was drained of funds sufficient to pay Investors the full amount of their respective initial investments.

21. Throughout the period of 2007 through October 29, 2009, Hamilton Jr. allowed certain Investors who were his relatives and friends to take out of the Raleigh Fund, through redemptions, amounts substantially in excess of their total investment. In addition to these friends and relatives, he allowed Banque Franck, his personal lender to take out of the Raleigh Fund, through redemptions amounts substantially in excess of its total investment. Other Investors were denied the opportunity to redeem their investment or simply were not aware that the Raleigh Fund was being quickly depleted by these distributions to members of Hamilton Jr.'s family, his friends and his personal lender.

22. The Receiver has been realizing value on the assets of the Raleigh Fund and has made an interim distribution to those investors who did not take out redemptions in excess of their total investment. The Receiver is continuing this process with the goal of recovering enough funds so that all Investors receive the total amount of their Investment Funds. To date, however, twenty-three Investors have still not received back the full amount of their Invested Funds.

23. Each Defendant received the following amounts ("Redeemed Funds") from Raleigh Fund which were in excess of their total investment. The Receiver seeks in this Complaint to recover from each Defendant the amount they received in excess of their total Investment Funds to create equality among all Investors. The following chart sets forth the total investment made by each Defendant, the amount of funds taken (redeemed) from the Fund by each Investor, and the excess amount the Receiver seeks to have returned.

| Limited Partner | Total Investment | Total Amount Out of the Fund | Amount to Be Returned to Receiver |
|---|---:|---:|---:|
| Banque Franck | $2,462,262.60 | $3,053,175.84 | $590,913.24 |
| Harvie | $757,670.85 | $1,088,291.45 | $330,620.60 |
| Otto | $516,460.54 | $580,480.41 | $64,019.87 |
| Hamilton Sr. | $1,906,584.80 | $2,223,817.95 | $317,233.15 |
| Leola Howard | $83,887.79 | $228,024.68 | $144,136.89 |
| Susan Norris | $305,018.51 | $421,430.41 | $116,411.90 |

24. Paying Hamilton Jr.'s relatives and personal lender from the Raleigh Fund sums in excess of their Investment Funds and leaving the Raleigh Fund depleted so that it could not pay back to the other Investors their Investment Funds was a breach of Raleigh Capital and Hamilton Jr.'s fiduciary obligations to all Investors in the Raleigh Fund. Upon this payment of Redeemed Funds to Defendants, every other Investor was harmed and became a tort creditor of the Raleigh Fund and this Receivership Estate.

25. Retention of the Redeemed Funds by Defendants deprives the other Investors of their *pro rata* rights to redemption from the Fund.

### COUNT I
### Unjust Enrichment

26. The Receiver restates and realleges the allegations set forth in paragraphs 1-25 above, as if fully set forth herein.

27. Defendants have unjustly received and retained the benefit of the Redeemed Funds to the detriment of the Receiver and the receivership estate and the other limited partners in the Fund.

28. Allowing Defendants to retain this benefit of the Redeemed Funds that they received violates the fundamental principles of justice, equity and good conscience.

29.     The Redeemed Funds diverted from the limited partners of the fund assets to which they were entitled to on a *pro rata* share. Payment of the Redeemed Funds to Defendants was a wrongful dissipation of proceeds of the Fund that Raleigh Capital had received from the Investors.

30.     The Receiver, on behalf of Raleigh Capital and the Fund, is entitled to return from each Defendant so that the funds can be allocated and distributed on a *pro rata* basis by the Receiver through the Fund to the other limited partners and the Fund's creditors.

WHEREFORE, Deborah L. Thorne, not individually, but as court-appointed Receiver respectfully requests that this Court enter a final judgment in her favor and against Defendants in the amounts set forth in Paragraph 23, plus interest, costs, and such other relief as this Court deems fair and just.

## COUNT II
### Constructive Fraudulent Transfer

31.     The Receiver restates and realleges the allegations set forth in paragraphs 1-30 above, as if fully set forth herein.

32.     Section 5(a)(2) of the Illinois Uniform Fraudulent Transfer Act ("UFTA"), provides, in pertinent part, that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation ... without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
>> (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

33. Raleigh Capital and the Fund paid out the Redeemed Funds to Defendants without receiving reasonably equivalent value in exchange.

34. At that time, Raleigh Capital and the Fund were both engaged in business for which their assets were unreasonably small in relation to the business.

35. At that time, Raleigh Capital and the Fund intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

**WHEREFORE**, Deborah L. Thorne, not individually, but as court appointed Receiver respectfully requests that the Court enter an Order in her favor and against Defendants in the amounts set forth in Paragraph 23, plus costs and for all other relief this Court deems just and proper.

## COUNT III
### Fraudulent Conveyance Pursuant to the Uniform Fraudulent Transfer Act § 6(a)

36. The Receiver restates and realleges the allegations set forth in paragraphs 1-35 above, as if fully set forth herein.

37. Section 6(a) of the Illinois Uniform Fraudulent Transfer Act ("UFTA"), provides, in pertinent part, that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

38. Raleigh Capital and the Fund received nothing from Defendants in exchange for receipt of the Redeemed Funds.

39. Raleigh Capital and the Fund were insolvent at the time of Redeemed Funds were paid out.

**WHEREFORE**, Deborah L. Thorne, not individually, but as court appointed Receiver respectfully requests that the Court enter an Order in her favor and against Defendants in the amount set forth in Paragraph 23, plus costs and for all other relief this Court deems just and proper.

Dated: August 2, 2011

Respectfully submitted,

**Deborah L. Thorne, not individually but as court-appointed Receiver of Raleigh Capital Management, Inc. and the Raleigh Fund**

/s/Deborah L. Thorne

Paula K. Jacobi
Deborah L. Thorne
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313